IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01188–CMA–KMT

ANTONIO DELAROSA, and
ROSANNA MENDOZA-RIOS,

    Plaintiffs,

and

THE PHOENIX INSURANCE COMPANY,

    Plaintiff-Intervenor,

v.

COYOTE PUMPING SERVICES, INC., and
THE MINE SUPPLY COMPANY (IMSCO),

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiffs' "Motion to Amend Scheduling Order" (Doc. No. 56 [Mot. Am. Sched. Order]) and "Defendant Coyote Pumping Services, Inc.'s Motion to Strike New Material from Plaintiffs' Reply to Defendant's Response to Plaintiffs' Second Motion to Amend Scheduling Order or in the Alternative Motion for Leave to File Surreply." (Doc. No. 61, filed May 13, 2013 [Mot. Strike]). Defendant Coyote Pumping Services, Inc. (hereinafter "Coyote") filed a Response to Plaintiff's Motion to Amend the Scheduling Order on

April 29, 2013 (Doc. No. 59 [Resp.]) and Plaintiffs filed a Reply on May 3, 2013 (Doc. No. 60 [Reply]). Although the deadline for Plaintiffs to file a response to Coyote's Motion to Strike has not yet expired, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C. For the following reasons, Coyote's Motion to Strike is GRANTED in part and DENIED in part and Plaintiffs' Motion to Amend the Scheduling Order is DENIED.

### A. *Motion to Strike*

Coyote seeks to strike Plaintiffs' Reply in Support of their Motion to Amend on grounds that it contains new factual and legal arguments not featured in their Motion. Alternatively, Coyote seeks leave to file the proposed Surreply (Doc. No. 61-1) attached to its Motion to Strike.

The court agrees with Coyote that Plaintiffs have raised a number of new facts and arguments in their Reply and also acknowledges the possibility that Plaintiffs may have strategically omitted these arguments from their Motion to prevent Coyote from filing a meaningful response. Indeed, while Plaintiffs' Motion is a cursory three pages in length and does not include any discussion of the legal standard governing amendments to the scheduling order (*see* Mot. Amend Sched. Order), Plaintiffs' Reply is eleven pages, begins with a four-page section entitled "Additional Facts Necessary to Adjudicate Motion," and discusses for the first time the "good cause" standard governing the relief they seek (*see* Reply).

"When a party puts forth new arguments in a reply brief a court may . . . either: (1) choos[e] not to rely on the new arguments in determining the outcome of the motion; or (2) permit[] the nonmoving party to file a surreply." *EEOC v. Outback Steak House,* 520 F. Supp. 2d 1250, 1260 (D. Colo. 2006) (citing *Pippin v. Burlington Res. Oil & Gas Co.,* 440 F.3d 1186,

1992 (10th Cir. 2006).  As detailed *supra*, even considering the arguments raised in Plaintiffs' Reply, the court finds that Plaintiffs have not shown good cause to support amending the Scheduling Order.  As such, the court will grant Coyote's Motion to Strike to the extent that it seeks leave to file the Surreply attached thereto.  Accordingly, Coyote's Motion to Strike is granted in part and denied in part.

### B. *Motion to Amend Scheduling Order*

Plaintiffs' Motion to Amend the Scheduling Order seeks to amend the Scheduling Order (Doc. No. 33, filed Aug. 22, 2012 [Sched. Order]) in order to allow them an additional thirty days to amend their Complaint to add a claim for exemplary damages, an additional thirty days to endorse additional experts relating to whether the activity of elevated concrete pumping is an inherently dangerous activity, and an additional ninety days for "financial discovery" relating to their proposed exemplary damages claim (*see* Mot. Amend Sched. Order).

A deadline in a scheduling order may be modified only for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "In this context, good cause has been interpreted to mean: '[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Jorgensen v. Montgomery,* No. 06-cv-00853-MSK, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007) (quoting Advis. Comm. Notes for 1983 Amend. to Rule 16)).

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause means that the scheduling deadlines cannot be met despite

> a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Id.* (quoting *Dilmer Oil Co., Inc. v. Federated Mutual Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997); *see also Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001). "Demonstrating good cause under the rule . . . means [the movant] must provide an adequate explanation for the delay." *Strope v. Collins,* 315 F. App'x 57, 61 (10th Cir. 2009).

The court finds that Plaintiffs have failed to show good cause to extend the relevant Scheduling Order deadlines. As a threshold matter, Plaintiffs' Motion to Amend the Scheduling Order was filed more than six months after the deadline to amend the pleadings expired, nearly three months after the deadline for Plaintiff's expert witnesses disclosures, and the same day as the discovery cut-off. (*See* Sched. Order; Minute Order, Doc. No. 42, filed Jan. 29, 2013.)

Plaintiffs' only justification for their delay in seeking to extend these deadlines is that they were hindered in developing evidence to support a claim for exemplary damages "because depositions of crucial witnesses, particularly that of Coyote CEO Anthony Villegas, had to be continued at the request of Defendant Coyote." (Reply at 6.) Mr. Villegas's deposition, which was originally scheduled for November 15, 2012, was indeed continued at Coyote's request because Mr. Villegas was ill on that date. However, Plaintiffs have provided absolutely no explanation as to why it took nearly <u>five months</u> before they rescheduled Mr. Villegas's deposition for April 10, 2013—nine days before the discovery cut-off. This palpable delay in scheduling the deposition of this "crucial witness" exhibits a plain lack of diligence by Plaintiffs. This is particularly true as Plaintiffs admit they were seeking evidence to support a claim for

exemplary damages throughout the discovery process and must have known that the deadline for amending the pleading had expired much earlier.

In addition, to the extent Plaintiffs maintain that the April 9, 2013 deposition of Michael Soto also provided evidence to support Plaintiffs' proposed claim for exemplary damages, it cannot be argued that Coyote caused the delay of that deposition. Plaintiffs admit that Mr. Soto is no longer employed by Coyote (Reply at 3); thus, Coyote did not have any greater ability to facilitate Mr. Soto's deposition than did Plaintiffs. To be sure, Plaintiffs were forced to reset Mr. Soto's deposition from its originally scheduled date of November 15, 2012 because Mr. Soto would not return phone calls from Plaintiffs' counsel. (*Id.*) However, Plaintiffs once again have not provided any explanation as to why they waited another five months before rescheduling Mr. Soto's deposition for April 9, 2013.

Altogether, Plaintiffs have clearly failed to comply with the Scheduling Order's deadline for amending the pleadings and have failed to demonstrate good cause to modify that deadline under Rule 16(b)(4). A "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dept. of Soc. Servs.,* 197 F.R.D. 439, 441 (D. Colo. 2000) (internal quotations and citations omitted). Further, because Plaintiffs seek to extend the discovery cut-off for the sole purpose of conducting financial discovery to support its proposed claim for exemplary damages, the court declines to extend the discovery cut-off. Finally, to the extent that Plaintiffs argue that an extension of the deadline for affirmative expert disclosures is warranted because they did not discover the existence of their proposed expert, former Coyote employee William Rodda, until

the depositions of Messrs. Villegas and Soto, as discussed above, Plaintiffs were not diligent in completing those depositions.

Therefore, for the foregoing reasons, it is

ORDERED that "Defendant Coyote Pumping Services, Inc.'s Motion to Strike New Material from Plaintiffs' Reply to Defendant's Response to Plaintiffs' Second Motion to Amend Scheduling Order or in the Alternative Motion for Leave to File Surreply" (Doc. No. 61) is GRANTED in part and DENIED in part, and Plaintiffs' "Motion to Amend Scheduling Order" (Doc. No. 56) is DENIED.  The Clerk of Court is directed to file Defendants' proposed Surreply (Doc. No. 61-1).

Dated this 23rd day of May, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge